UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESLEY D. PURDY,<br><br>                    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, et al.,<br><br>                    Defendants. | Case No. 1:11-CV-00640-EJL-REB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On August 17, 2012, United States Magistrate Ronald E. Bush issued an Order, Report and Recommendation on the pending motion to dismiss, Dkt. 20. Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation portion of the Order, Report and Recommendation. Plaintiff Wesley D. Purdy ("Purdy") filed an objection to the Report and Recommendation on August 31, 2012, Dkt. 22.  Defendants filed a response to Plaintiff's objection on September 14, 2012, Dkt. 23.  The matter is now ripe for this Court's review.

**ORDER ADOPTING REPORT AND RECOMMENDATION- 1**

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation).

**ORDER ADOPTING REPORT AND RECOMMENDATION- 2**

# FACTUAL BACKGROUND

The Court adopts the factual background as set forth in the Order, Report and Recommendation, pp. 2-4, Dkt. 20:

> Plaintiff Wesley Purdy ("Purdy") initially filed this case in state court seeking to quiet title to property located at 217 Kingsbury Lane in Blaine County, Idaho (the "Property"). The case was removed to this Court on December 16, 2011 by Mortgage Electronic Registration Systems, Inc. ("MERS"), Countrywide Home Loans, Inc. ("CHL"), Bank of America, N.A. ("BANA"), The Bank of New York Mellon fka The Bank of New York, as Trustee for the Benefit of the Certificate holders of the CWALT Inc., Alternative Loan Trust 2005-4, Mortgage Pass-Through Certificates, Series 2005-4 ("BONY"), and ReconTrust Company, N.A. ("ReconTrust") (collectively "Defendants"). Purdy then filed a First Amended Complaint alleging the following three causes of action related to non-judicial foreclosure action taken on the Deed of Trust securing a note on the Property: (1) Quiet Title, (2) Violation of the Fair Debt Collection Practices Act ("FDCPA"), and (3) Declaratory Judgment.
>
> Purdy initially financed his purchase of the Property on July 8, 2005 with a $481,250.00 mortgage loan ("first mortgage") from Aegis Wholesale Corporation. Compl.[1] ¶ 14 (Dkt. 8); *Dina Aff.,* Ex. A (Dkt. 13-1). The first mortgage was memorialized in a promissory note ("Note") and secured by a first Deed of Trust naming Aegis Wholesale Corporation as the lender, First American Title Company, Inc. ("First American") as the trustee, and MERS as the beneficiary "acting solely as a nominee for Lender and Lender's successors and assigns."[2] Compl. ¶ 14, *Dina Aff.,* Ex. B.

---

[1] The Complaint referred to throughout this document is the First Amended Complaint filed at docket number 8.

[2] On July 26, 2005, Purdy also obtained a Home Equity Line of Credit ("HELOC") for the Property in the amount of $145,000.00 from Aegis Home Equity ("Aegis Funding"). Compl. ¶ 15. The HELOC Deed of Trust named Aegis Funding as the lender, First American as the trustee, and MERS as the beneficiary, but this Deed of Trust is not at issue in the present proceedings. *Dina Aff.*, Ex. C.

**ORDER ADOPTING REPORT AND RECOMMENDATION- 3**

On August 22, 2011, MERS assigned its interest in the Deed of Trust to BONY by way of a Corporation Assignment of Deed of Trust and BONY then appointed ReconTrust as successor trustee. *Dina Aff., Exs. E & F*. Although the Corporation Assignment from MERS to BONY stated that the Deed of Trust was being assigned "together with the notes or notes therein described," Defendants acknowledge that the note securing the first mortgage was transferred to BONY in a separate transaction. Defs.' Mem., p. 4 (Dkt. 12-2). There are no documents in the record evincing a transfer of the Note to BONY. The record does contain an "Allonge to Note" in which Aegis Wholesale Corporation endorsed the Note to Aegis Mortgage Corporation, and Aegis Mortgage Corporation endorsed the Note in general, without naming the entity entitled to payment on the Note (*i.e.*, a blank endorsement).³ *Dina Aff., Ex. A (Dkt. 13-2)*. The Note also states that "Lender may transfer this Note" and "anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" *Id.*, Ex. A, ¶ 1.

On the same day MERS assigned its interest in the Deed of Trust to BONY, August 22, 2011, ReconTrust issued a Notice of Default, recording the Notice on August 23, 2011. Compl. ¶ 18; *Dina Aff., Ex. G*. The Notice of Default stated that Plaintiff's account had been in arrears since May 1, 2010 and that, as of August 22, 2011, Purdy owed $46,739.44. *Dina Aff.*, Ex. G.

On August 29, 2011, ReconTrust caused a Notice of Trustee's Sale to be issued, scheduling the sale of the Property for January 3, 2012. *Dina Aff.*, Ex. H. Nothing in the record before the Court indicates that a foreclosure sale has occurred, despite the notice.

## MOTION TO DISMISS STANDARD OF REVIEW

Plaintiff objects that the magistrate judge did not apply the proper standard of review for the motion to dismiss. Purdy argues the Court must rely on the evidence in the record that establishes that the BONY and BANA acquired whatever interest they held in the Note after the Note was in default. The Court has reviewed the record and

---

³ Defendants' counsel averred that she obtained the records submitted in her affidavit *from Defendants*. Dina Aff., ¶ 3. Neither of the Aegis entities is named as a defendant in this case.

**ORDER ADOPTING REPORT AND RECOMMENDATION- 4**

finds it will make this assumption based on the record for purposes of reviewing the objections to the Report and Recommendation. However, the Court finds the standard of review for a motion to dismiss was properly stated by Judge Bush on pages 4-6 of the Order, Report and Recommendation:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.
>
> In a more recent case, the Supreme Court identified two "working principles" that underlie the decision in *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *See id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**ORDER ADOPTING REPORT AND RECOMMENDATION- 5**

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts.").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued two months after *Iqbal*).[4] The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether the plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2008) (citations omitted).

## OBJECTIONS

Judge Bush recommends granting the pending motion to dismiss and that all claims *except* the FDCPA claims be dismissed with prejudice. Judge Bush recommends that this Court grant Plaintiff leave to amend the FDCPA claim. Plaintiff objects to the

---

[4] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting, in part, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim . . . ." Given *Twombly* and *Iqbal's* rejection of the liberal pleading standards adopted by *Conley*, a question arises whether the liberal amendment policy of *Harris v. Amgen* still exists. Nevertheless, the Circuit has continued to apply the liberal amendment policy even after dismissing claims for violating *Iqbal* and *Twombly*. *See, e.g.*, *Market Trading, Inc. v. AT&T Mobility, LLC*, 2010 WL 2836092 (9th Cir. July 20, 2010) (not for publication). Accordingly, the Court will continue to employ the liberal amendment policy.

**ORDER ADOPTING REPORT AND RECOMMENDATION- 6**

recommendation arguing the bank defendants cannot show a present right to possession of Purdy's property to support the foreclosure arguing the bank defendants are "debt collectors" under the FDCPA. Purdy also argues there are defects in the documents that prevent the pending foreclosure from proceeding. Plaintiff also argues the bank defendants do not have standing to bring the motion to dismiss. The Court has reviewed these objections and under the current state of the foreclosure law in Idaho, the Court finds the objections should be denied. The Court acknowledges that its interpretation of the FDCPA has changed since it first began ruling on cases in the District of Idaho and new case law has been reported.[5] Additionally, the Court does not find bankruptcy cases cited by Plaintiff to be controlling in an action for a non-judicial foreclosure.

      1. <u>Standing to foreclose</u>.

The law in Idaho is now settled that a trustee need not prove it has standing before foreclosing on a deed of trust via the statutory non-judicial foreclosure process set forth in the Idaho Deed of Trust Act, Idaho Code § 45-1502-1515. *Trotter v. Bank of New York Mellon*, 275 P.3d 857, 863 (Idaho 2012). Based on *Trotter*, the Court rejects Plaintiff's argument that the trustee or bank defendant needs to produce the original note before proceeding with a non-judicial foreclosure.

---

[5]Specifically, the Court finds Plaintiff's reliance on the *Armacost v. HSBC Bank USA*, 2011 WL 825151 (D. Idaho 2011) ruling is no longer binding precedent in the District of Idaho and the *Meyer v. Bank of Amercia, N.A.*, 2011 WL 4584762 (D. Idaho 2011) ruling is inapplicable as *Meyer* was not an FDCPA case.

**ORDER ADOPTING REPORT AND RECOMMENDATION- 7**

Purdy's arguments regarding the applicability of the Uniform Commercial Code are misplaced and have also been rejected by the Idaho Supreme Court. As stated by Judge Bush, "The power to conduct a trustee's sale granted by the Deed of Trust is not the same as enforcing a security instrument under the UCC, and there is no requirement for the production of the note prior to foreclosing on the property." Order, Report and Recommendation at p. 8. *See Diessner v. Mortgage Elec. Reg. Sys.*, 618 F.Supp 1184, 1187 (D. Ariz. 2009).

Moreover, Purdy's claim to quiet title fails as a matter of law based on his failure to plead tender. *Trusty v. Ray*, 249 P.2d 814, 817 (Idaho 1952). Purdy's argument that he should be able to proceed with the quiet title action without tendering payment of the debt is without merit as Purdy would have a legal claim if, as he speculates, he paid the wrong holder of the Note and was not given credit for his payments. Because these speculations are not the facts before the Court, the tender requirement applies and Plaintiff's quite title action cannot survive.

Finally, the Court agrees with Judge Bush that the securitization of the Note does not impact the right to foreclose on the Deed of Trust. *West v. Bank of America*, 2011 WL 2491295, *2 (D. Nev. 2011); *Washburn v. Bank of America*, 2011 WL 7053617, *4-5 (D. Idaho 2011). Nor does the use of BONY as the beneficiary under the Deed of Trust while BANA is the holder of the Note extinguish the right to foreclose. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011).

**ORDER ADOPTING REPORT AND RECOMMENDATION- 8**

### 2. Bank Defendants as Debt Collectors under the FDCPA.

Plaintiff maintains his FDCPA claim should not be dismissed as the bank defendants are acting as "debt collectors" since they took their interests *after* Purdy was already in default on his payments. The Court finds this argument unpersuasive. For argument purposes, even if the bank defendants could be considered "debt collectors" under the FDCPA (which the Court does not concede is true as a matter of law), it simply does not create a claim under the FDCPA since the bank defendants are not attempting to collect monies due on the Note. Rather, the bank defendants are foreclosing on a deed of trust. While there may be a split of authority on this issue, the Court is now persuaded by *Cherian v. Counrtywide Home Loans, Inc.*, 2012 WL 2865979 (D. Idaho) that the FDCPA was not intended to include non-judicial foreclosure actions as the non-judicial foreclosure process does not rise to the level of a "debt collection activity" under the FDCPA. *See also, Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188m 1204 (D. Or. 2002).

Even if a party has not requested leave to amend, a dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir.2009). The Court finds allowing Plaintiff leave to amend his Complaint on this FDCPA claim in this case would be futile based on this Court determination non-judicial foreclosure proceedings are not debt collection activities under the FDCPA. Therefore, the Court will decline to

**ORDER ADOPTING REPORT AND RECOMMENDATION- 9**

allow the FDCPA claim to survive the motion to dismiss subject to leave to amend the Complaint.

        3. <u>Defects in Recording</u>.

Plaintiff maintains the foreclosure cannot proceed as there are defects in the recording process by the bank defendants for the notice of default. The Court respectfully disagrees. As discussed earlier, the Court has determined that bank defendants need not produce the note in order to effectuate a non-judicial foreclosure in Idaho. Plaintiff has not provided any evidence that rebuts the beneficial interest and trustee status held by BONY and ReconTrust or that BANA is not as a matter of law the holder of the underlying Note based on certain assignments from the original lender Aegis Mortgage Corporation.

It is undisputed that Purdy was in default on Note secured by a Deed of Trust. It is also undisputed that MERS transferred its beneficial interest under the Deed of Trust to BONY and BANA (as attorney in fact for BONY) appointed ReconTrust as trustee. It is also undisputed that the change in the beneficial interest and the trustee were recorded and that ReconTrust recorded a Notice of Default indicating BONY is the beneficiary of the Deed of Trust. The remaining dispute between the parties is whether on not the recording of assignments of the beneficial interests in the Deed of Trust and the change in trustee were properly recorded.

**ORDER ADOPTING REPORT AND RECOMMENDATION- 10**

Judge Bush did not find the alleged defects by Plaintiff relevant as to whether or not the case survives the motion to dismiss. While Plaintiff speculates regarding the impact of certain affidavits completed by notaries, there is no evidence to support the affidavits are invalid. The only alleged defect this Court is troubled with is the allegation that the power of attorney appointing BANA as attorney in fact for BONY was not recorded. Plaintiff is correct that Idaho Code §55-806 requires "an instrument executed by an attorney in fact must not be recorded until the power of attorney authorizing the execution of the instrument is filed for record in the same office." However, the purpose of the recording statutes is to provide notice to subsequent purchasers and a failure to record the power of attorney does not void the effect of the appointment of ReconTrust as the trustee in this case. The recording statutes do not require instruments to be recorded, considering unrecorded instruments are valid between parties that created them, and those who have actual notice of them. Idaho Code § 55-815. Thus, the failure to record BANA's power of attorney does not invalidate the change in trustees in this case as Purdy is not a subsequent purchaser and he was on notice of the power of attorney status of BANA by the instruments that were recorded.

Furthermore, the Notice of Default recorded by ReconTrust is not a "conveyance" under Idaho Code 55-813, therefore, the alleged failure to record the power of attorney held by BANA for BONY does not invalidate the non-judicial foreclosure process by the bank defendants. Stated another way, it is the recording of the original Deed of Trust that provided notice of conveyance and a mortgage interest in Plaintiff's property to all

**ORDER ADOPTING REPORT AND RECOMMENDATION- 11**

subsequent purchasers and mortgagees. It is undisputed that the transfer of beneficial interest in the Deed of Trust was properly recorded by BONY and that BONY informed the trustee, ReconTrust of the undisputed default on the Note by Plaintiff which led to the filing of the Notice of Default. Therefore, the alleged defect in recording the power of attorney status of BANA is insufficient to invalidate the statutory non-judicial foreclosure process which was complied with by the bank defendants.

## CONCLUSION

After having reviewed the record in this matter, the Court finds the record does support a finding that the defendants have standing to proceed with a non-judicial foreclosure, that the foreclosure proceedings were valid and the undisputed notice of default was properly noticed. Therefore, the motion to dismiss Plaintiff's claim for quiet title, claim for a violation of the FDCPA and claim for declaratory relief must be granted and the case will be dismissed in its entirety.

The Court having reviewed the Report and Recommendation and the record in this matter and finds no clear error on the face of the record. Moreover, the Court finds the Report and Recommendation is well-founded in the law based on the facts of this particular case and this Court is in agreement with the same unless otherwise modified by this Order.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. 20) shall be **INCORPORATED** by reference and **ADOPTED** consistent with the analysis in this Order.

**IT IS FURTHER ORDERED**:

Defendants' Motion to Dismiss (Dkt. 12) is **GRANTED** and the case is **DISMISSED IN ITS ENTIRETY.**

DATED: **September 26, 2012**

*[signature: Edward J. Lodge]*

~~Honora~~ble Edward J. Lodge
U. S. District Judge